**NOT RECOMMENDED FOR PUBLICATION**
File Name: 11a0040n.06

**No. 09-3970**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jan 18, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| | ) | |
| RONDELL JONES, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and SILER, Circuit Judges; BELL, District Judge.[*]

**SILER**, Circuit Judge.  Rondell Jones pleaded guilty to possession with the intent to distribute cocaine and to "possession of a firearm during and in relation to a drug trafficking crime." He now appeals the district court's denial of his motion to suppress.  Additionally, the government seeks to vacate Jones's firearm conviction.  For the following reasons, we **AFFIRM** the district court's denial of Jones's motion to suppress, **VACATE** Jones's firearm conviction, and **REMAND** for further proceedings.

**BACKGROUND**

Jones's conviction arises from a traffic stop conducted by law enforcement.  Officers had received information that a Jeep Cherokee contained illegal drugs and a firearm.  They followed the vehicle, and after observing it make an illegal turn down a one-way street, stopped it.  An African-

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

American male wearing a brown jacket with tan sleeves then ran from the vehicle and officers gave chase. The pursuing officers watched the fleeing suspect discard a handgun and a plastic bag later found to contain cocaine. After discarding these items, the fleeing suspect ran inside a bar called the "First Note Café."

The first officer in pursuit entered the bar and ordered the patrons inside to lie on the floor. Other officers arrived and began to pat down each patron inside. One of these patrons was Jones, whom officers found lying near the bar's front door. After patting him down, officers noticed that Jones was wearing a bullet-proof vest.

Officers then noticed a brown jacket with tan sleeves located at the rear of the bar. Inside one pocket, they discovered a Kenton County jail inmate bracelet featuring Jones's name, intake date, sex, date of birth and photograph. In another pocket, officers found an inmate personal property inventory list for Jones that described among his possessions a brown coat and bullet-proof vest.

After indictment, Jones moved to suppress the evidence obtained from his search. The district court denied Jones's motion, and Jones pleaded guilty under a conditional plea to possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm "during and in relation to" a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

**DISCUSSION**

**A. Jones's Motion to Suppress**

Jones concedes that, at the time law enforcement searched the jacket inside the First Note Café, the jacket had been abandoned. Search and seizure of abandoned property does not violate the Fourth Amendment. *See Abel v. United States*, 362 U.S. 217, 241 (1960). The jacket and its contents were the only pieces of evidence used to support Jones's convictions for possession of cocaine and a firearm.[1] Thus, Jones cannot challenge his guilty plea on the basis that the district court failed to suppress the jacket.

At oral argument, Jones argued that the district court relied upon unlawfully discovered evidence—his bullet-proof vest—to enhance his sentence under the Guidelines. However, he failed to raise this argument in his briefs. An appellant waives an issue when he fails to present it in his initial briefs before this court. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 462 (6th Cir. 2003). Accordingly, we refuse to address Jones's argument here.

**B. Jones's Conviction for Unlawful Possession of a Firearm**

In *United States v. Combs*, we held that an indictment charging a defendant with "possess[ing] a firearm during and in relation to" a drug trafficking crime did not establish a chargeable offense because it utilized one element from each of two distinct § 924(c) offenses. 369 F.3d 925, 934 (6th Cir. 2004). Here, Jones's plea agreement and the district court's order approving

---

[1]Jones argues that, without unlawfully searching and arresting him upon first entering the bar, law enforcement would not have been able to arrest Jones once it discovered the jacket. The jacket, however, contained more than enough information to allow law enforcement to identify Jones as the fleeing suspect and arrest him later.

3

his plea similarly described Jones's offense as "possession of a firearm during and in relation to a drug trafficking crime." As a result, by agreement of the parties, we vacate Jones's conviction for unlawful possession of a firearm and remand for further proceedings.

For the foregoing reasons, we **AFFIRM** the district court's denial of Jones's motion to suppress, **VACATE** Jones's firearm conviction, and **REMAND** for further proceedings consistent with this opinion.